United States District Court
Southern District of Texas

**ENTERED**

July 04, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JODIE J.,[1] | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 4:23-cv-2747 |
| | § | |
| MARTIN O'MALLEY, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Jodie J. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act").[2] The parties filed cross motions for summary judgment. Pl.'s MSJ, ECF No. 12; Def.'s MSJ, ECF No. 14.[3] Plaintiff seeks an order rendering benefits or remand for further consideration, arguing that

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On September 19, 2023, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 7.

[3] Plaintiff also filed a reply. ECF No. 15.

the ALJ failed to ensure the record was fully and fairly developed and properly evaluate the record's medical opinion. ECF No. 13. Commissioner counters that the ALJ did not err in developing or evaluating the record. ECF No. 14. Based on the briefing, the record, and the applicable law, the Court finds that Plaintiff has failed to demonstrate harm from either alleged error. Thus, the Court denies Plaintiff's motion for summary judgment, grants Commissioner's motion for summary judgment, and affirms the ALJ's decision.

## I.    BACKGROUND

Plaintiff is 53 years old, R. 77[4] and completed high school. R. 53, 108, 116. Plaintiff worked as a customer service representative. R. 54. Plaintiff alleges a disability onset date of December 31, 2016. R. 19, 78. Plaintiff claims she suffers from physical impairments. R. 78, 84.

On May 26, 2021, Plaintiff filed her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. R. 17, 265–71, 272–81. Plaintiff based[5] her application on "degenerative disc disease, vision problems, high blood pressure, diabetes, arthritis, brain surgeries (5 times)." R. 78, 84. The Commissioner denied Plaintiff's claim initially, R. 77–89, and on

---

[4] "R." citations refer to the electronically filed Administrative Record, ECF No. 9.

[5] A claimant is eligible for disability insurance benefits only if the onset of the qualifying medical impairment began on or before the date last insured. *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990). In this case, Plaintiff's alleged onset date and date last insured are both December 31, 2016. R. 19, 80.

reconsideration. R. 94–108.

A hearing was held before an Administrative Law Judge ("ALJ"). An attorney represented Plaintiff at the hearing. R. 38. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 38. The ALJ issued a decision denying Plaintiff's request for benefits.[6] R. 17–26. The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision to deny benefits. R. 1–6. Plaintiff appealed the Commissioner's ruling to this Court. ECF No. 1.

## II.   STANDARD OF REVIEW OF COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

---

[6] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step four. R. 25. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her date last insured. R. 19 (citing 20 C.F.R. § 404.1571 *et seq*., § 416.971 *et seq*.). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, cervical spondylosis, cervical radiculopathy (bilateral upper extremities), and obesity. R. 19–21 (citing 20 C.F.R. §§ 404.1520 (c), 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 21 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, bend, kneel, crawl, and crouch; occasionally twist at the neck; occasionally reach overhead with the bilateral upper extremities; and occasional exposure to hazards, dangerous machinery or equipment, unprotected heights, or operate a motor vehicle. R. 21–24. At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a customer service representative. R. 24 (citing 20 C.F.R. §§ 404.1565, 416.965). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 25.

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of Commissioner, even if the evidence

preponderates against Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for Commissioner's decision and involves more than a search for evidence supporting Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III. DISABILITY INSURANCE BENEFITS AND SUPPLEMENTAL SECURITY INCOME UNDER THE ACT.

The Act permits the payment of insurance benefits to persons who have contributed to the program and who suffer a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). These payments are referred to as disability insurance benefits. The Act also permits Supplemental Security Income ("SSI") payments to the aged, blind, and disabled to assure that their income does not fall below the poverty line. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.110. Although these programs are distinct, applicants must prove "disability" under both sections. *See* 42 U.S.C. § 423(d)(1)(A)

(disability insurance); 42 U.S.C. § 1382c(a)(3)(A) (SSI). Both sections define disability using virtually the same language. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (using "unable" rather than "inability"). A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). "The suffering of some impairment does not establish disability; a claimant is disabled only if he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)). "The law and regulations governing the determination of disability are the same for both programs." *Roberts v. Colvin*, 946 F. Supp. 2d 646, 657 (S.D. Tex. 2013) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

## IV. THE SHIFTING BURDEN OF PROOF.

The Act places the burden of establishing disability on the claimant. *Perez v.*

*Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). To be entitled to disability insurance

benefits, a claimant "must show that he was disabled on or before the last day of his

insured status." *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). SSI benefits

are dependent on proof of disability and indigence, and a claimant can receive SSI

payments once he applies to the program, no matter how long he has been disabled.

*Torres v. Colvin*, No. 4:13-cv-2571, 2014 WL 4064002, at *6 (S.D. Tex. Aug. 15,

2014) (citing 42 U.S.C. §§ 1382a, c(a)(3), *Brown v. Apfel*, 192 F.3d 492, 495 n.1

(5th Cir. 1999), and 20 C.F.R. § 416.335).

Commissioner applies a five-step sequential process to determine disability

status. *Id.* The claimant bears the burden of proof at the first four steps to establish

that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D.

Tex. Nov. 30, 2012). The burden shifts to Commissioner at step five to show that

the claimant can perform other work. *Id.* The burden then shifts back to the claimant

to rebut this finding. *Id.* If at any step in the process Commissioner determines that

the claimant is or is not disabled, the evaluation ends. *Id.*

## V.    COMMISSIONER IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises two arguments in support of her request for remand. Plaintiff

first argues that the ALJ failed to ensure the record was fully and fairly developed

because he did not order a consultative examination. ECF No. 13 at 9. Specifically,

Plaintiff contends that the last imaging of her cervical spine occurred in 2012 and

2013— given her musculoskeletal complaints and financial constraints, the ALJ should have granted her requests for a consultative examination, instead of failing to respond. ECF No. 13 at 10–11. Plaintiff contends that without this updated imaging and medical opinion, "it is difficult to assess the extent of her current condition." ECF No. 13 at 11. Plaintiff next argues that the ALJ failed to evaluate the record's singular medical opinion because he did not assign any persuasiveness to the opinion or address the opinion's supportability and consistency. ECF No. 13 at 12–13.

### A.   Plaintiff Failed to Show that the ALJ's Failure to Rule on Plaintiff's Request for a Consultative Examination Was Harmful.

"A court may reverse the ALJ's decision if the claimant can show that: (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff." *Flynn v. Saul*, No. 4:19-CV-03523, 2020 WL 4818863, at *5 (S.D. Tex. Aug. 19, 2020) (quoting *Brooks v. Berryhill*, No. 3:17-CV-00372, 2018 WL 3429904, at *3 (S.D. Tex. July 16, 2018)). "While the claimant bears the burden of proving her disability by establishing a physical or mental impairment, '[t]he decision to order a consultative examination is within the ALJ's discretion, but the ALJ must order a consultative evaluation *when such an evaluation is necessary* to enable the ALJ to make the determination.'" *Id.* (quoting *Cruz v. Colvin,* No. EP-12-CV-00179-ATB, 2013 WL 3338591, at *9 (W.D. Tex. July 1, 2013) (emphasis in original)).

8

In an undated letter, Plaintiff's attorney representative asked the ALJ to order a post-hearing consultative examination "to ascertain [Plaintiff's] current[] musculoskeletal severity." R. 390. The attorney asserted that Plaintiff's "medical records show degenerative changes and multilevel disc desiccation in cervical[7] and lumbar[8] spine[9] (7F, P. 42-43). [Plaintiff's] MRI's are within the period at issue ([Plaintiff's] [date last insured] is [12/31/16]). It is clear from the record that [Plaintiff] has a significant severe medical impairment but there is little evidence to indicate the severity post [Plaintiff's] DLI." R. 390.

At the hearing before the ALJ, Plaintiff's attorney representative requested a consultative examination, arguing that:

> The reason being is the claimant does have within the period at issue for the Title II claim some MRIs that I do need -- these are significant, but there is no real evidence to show if she's progressed medically for the Title II claim. And I think where as it stands, I don't believe that the Court can make a decision favorable or unfavorable, so I'm requesting that the Court send the claimant to a post-consultative exam.

R. 40. The ALJ responded that he would consider the request and make a decision

---

[7] "Your cervical spine — the neck area of your spine — consists of seven stacked bones called vertebrae." https://my.clevelandclinic.org/health/articles/22278-cervical-spine (last visited April 26, 2024).

[8] "Your lumbar spine consists of the five bones (vertebra) in your lower back." https://my.clevelandclinic.org/health/articles/22396-lumbar-spine (last visited April 26, 2024).

[9] In her reply, Plaintiff argues that she needed a consultative examination to have imaging performed on her hip. ECF No. 15 at 4. Insofar as this is separate from her request for imaging of her spine, Plaintiff may not raise new arguments in a reply brief. *See Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) ("Reply briefs cannot be used to raise new arguments.") (citing *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008)).

following the hearing. R. 40, 41. At the conclusion of the hearing, the ALJ stated "I'll have to consider that motion before I decide what to do on how to do your case." R. 76. The ALJ did not expressly rule on Plaintiff's request.

Plaintiff suggests the ALJ erred because he did not rule on her request for a consultative examination. However, Plaintiff fails to cite any statute, regulation, or case specifically requiring an ALJ to rule on a request for a consultative examination. ECF No. 13 at 9–12. The Court has not discovered any Fifth Circuit law addressing whether an ALJ must rule on a request for a consultative examination. But, the Tenth Circuit has held that an ALJ is not required to rule on such a request. *See Harlan v. Astrue,* 510 F. App'x 708, 712 (10th Cir. 2013) ("Without a statute, regulation, or case requiring an ALJ to rule on a request for a consultative examination or to provide reasons for the ALJ's ruling, the appropriate inquiry continues to be whether the ALJ met his responsibility to ensure the record was sufficiently developed to decide the issues presented at the hearing."); *see also Lundgren v. Colvin,* 512 F. App'x 875, 878–79 (10th Cir. 2013) (holding that an ALJ does not have to provide a reason for denying a consultative examination).

Even assuming that the ALJ failed to fully develop the record, the Court may only reverse the ALJ's decision if Plaintiff demonstrates that this failure caused her prejudice. *See Page v. Saul*, No. 4:19-CV-04435, 2020 WL 4003641, at *6 (S.D. Tex. July 15, 2020). "To establish prejudice, a claimant must show that he 'could

and would have adduced evidence that might have altered the result.'" *Id.* (quoting *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). Plaintiff "bears not only the burden of proving disability but also of demonstrating 'how additional consultative examinations would have led to a more favorable decision.'" *See Brooks v. Saul*, No. 3:20-CV-00048, 2021 WL 5154787, at *4–6 (S.D. Tex. July 9, 2021) (quoting *Williams v. Berryhill*, No. 3:18-cv-1913-BH, 2019 WL 4393635, at *13 (N.D. Tex. Sept. 13, 2019)). Plaintiff fails to make any such showing.

Plaintiff argues that she was prejudiced because she "was last able to receive imaging on her cervical spine in 2012 and 2013 and has received no other imaging regarding her other musculoskeletal complaints," and "the Plaintiff has financial constraints when it comes to her treatment abilities," and therefore, "there is little evidence to indicate the severity of her conditions' severity post DLI." ECF No. 13 at 9–10. Plaintiff continues that her medical interventions such as radiofrequency ablations demonstrate her condition is severe, but without updated imaging and a current medical assessment of her limitations, there is insufficient evidence for the ALJ to assess the extent of her current condition. *Id.*

Plaintiff "had the burden of showing *what* evidence could and would have been adduced through further development of the record and *how* that evidence may have altered the result." *See Page*, 2020 WL 4003641, at *6 (emphasis in original) (citing *Brock*, 84 F.3d at 728). Plaintiff essentially asks the Court to speculate as to

what the consultative examination would show. This does not meet the requisite standard for showing prejudice. *See id.* at \*6 (citing *Pearson v. Barnhart*, No. 1:04-CV-300, 2005 WL 1397049, at \*4 (E.D. Tex. May 23, 2005) (finding a lack of prejudice because the plaintiff did "not proffer[ ] additional evidence that would have been produced had [the ALJ] re-contacted [the] plaintiff's treating physicians" or "articulate[ ] any reason suggesting that the additional evidence (if any) might have led to a different decision")).

Furthermore, the record shows that the ALJ's RFC determination included basically the same limitations Plaintiff testified to at the hearing. Regarding Plaintiff's subjective complaints, the ALJ noted:

> The claimant testified she received epidural steroid injections for her neck and back with temporary relief. The claimant noted she has not received an injection since 2021, and she has undergone no surgeries for her back or neck. The claimant also testified she does not raise her arms above her shoulders due to pain and she was unable to pick up things. The claimant noted that instead of turning her head, she turns her whole body.

R. 22. In assessing Plaintiff's RFC, the ALJ adopted the consultative examiner's opinion to limit Plaintiff to light work with occasional climbing stairs and ramps, never climbing ladders, ropes, or scaffolds, R. 23–24, and added the restrictions to occasionally twist at the neck and reach overhead. R. 21–22. Plaintiff fails to demonstrate how the consultative examination's results would have changed the outcome. Plaintiff has not demonstrated prejudice on this point. *See Page*, 2020 WL

4003641, at \*6.

## B.     The ALJ Failed To Evaluate the Persuasiveness Of The Medical Opinion.

"A medical opinion is a statement from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions in the abilities listed in . . . this section." 20 C.F.R. § 416.913(a)(2). "On January 18, 2017, the Social Security Administration promulgated new regulations applicable to disability claims filed on or after March 27, 2017." *Williams v. Kijakazi*, No. 23-30035, 2023 WL 5769415, at \*2 (5th Cir. Sept. 6, 2023). Because Plaintiff filed for benefits after March 27, 2017, the ALJ was required to apply these new regulations.

In determining what weight, if any, to give a medical opinion, the ALJ must consider five factors: (1) supportability; (2) consistency; (3) the source's relationship with the claimant; (4) the source's specialty; and (5) "other factors that tend to support or contradict" the opinion. 20 C.F.R. §§ 416.920c(c), 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 416.920c(b)(2).

With respect to supportability, "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Price v. Comm'r of Soc. Sec.*, No. 4:22-CV-03504, 2023 WL 8037853, at \*3 (S.D. Tex. Nov. 20, 2023) (quoting *Vellone ex rel. Vellone v.*

13

*Saul*, No. 1:20-cv-261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)). "As for consistency, the new rules provide that the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(3)).

"At a minimum, an ALJ's persuasiveness explanation should 'enable[ ] the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.'" *Id.* (quoting *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021)). Stated differently, the ALJ must tie the evidence to his persuasiveness finding. *Id.* (citing *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-cv-166, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021)).

In his written decision, the ALJ's noted of his evaluation of the medical opinion's persuasiveness:

> As for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources. The undersigned has fully considered the medical opinions and prior administrative medical findings as follows: at the initial level, the State agency medical consultant noted there was insufficient evidence to evaluate the claim due to the claimant not returning forms (Exhibits 7A, page 2 and 8A, page 2). At the reconsideration level, the State agency medical consultant opined the claimant could occasionally lift and/or

14

carry up to 20 pounds and frequently 10 pounds; stand and/or walk for a total of about 6 hours in an 8 hour workday; sit for a total of about 6 hours in an 8 hour workday; occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds; and frequently stoop, kneel, crouch, and crawl (Exhibits 9A, pages 4-5 and 11A, pages 4-5).

R. 23–24. The parties both agree that the State agency medical consultant's opinion at the reconsideration level constituted a medical opinion that the ALJ was required to evaluate under the regulations. *See* ECF Nos. 13 at 12; 14 at 10.

The ALJ failed to evaluate the medical opinion under the regulations. Instead, the ALJ restated the consultant's opinion. He did not discuss the substance of the opinion, much less the consistency and supportability of the opinion. This is legal error. *See Price*, 2023 WL 8037853, at *4 ("here, there is not a lack of *meaningful* discussion—there is no discussion of Dr. Muehe's opinion at all."); *see also Shugart v. Kijakazi*, No. 3:21-cv-00007, 2022 WL 912777, at *4 (S.D. Tex. Mar. 29, 2022) (error when "the ALJ simply fails to engage in any meaningful discussion of the consistency and supportability of [a source's] medical opinion.").

Commissioner contends that the ALJ did not err because he expressly stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1520c, 416.920c. ECF No. 14 at 10. In support, Commissioner cites an inapposite case: *Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010). In *Brunson*, the Court found the ALJ's Step Two analysis where he cited certain evidence did not mean he did not consider the entire record because "his decision

states expressly that it was made '[a]fter careful consideration of all the evidence,' and we see no reason or evidence to dispute his assertion." *Id.* at 461.

Commissioner's argument has been rejected. *See Erlandsen v. O'Malley*, No.4:23-CV-83-ALM-KPJ, 2024 WL 898915, at *3–4 (E.D. Tex. Feb. 14, 2024), *adopted*, No. 4:23CV83, 2024 WL 897598 (E.D. Tex. Mar. 1, 2024) ("Boilerplate language divorced from the evidence in the record is generally insufficient to satisfy the ALJ's obligation.") (citing *Bridges v. Comm'r of Soc. Sec.*, No. 20-cv-89, 2021 WL 2908671, at *2 (N.D. Miss. June 21, 2021), *adopted*, 2021 WL 2907892 (N.D. Miss. July 9, 2021); *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) ("[I]t should go without saying that cursory, boilerplate language about carefully considering the entire record does not constitute an explanation for rejecting a medical opinion.")). Again, merely stating that he considered the opinion evidence in compliance with the regulations without showing his work or even assigning weight to the opinion is error because it prevents the Court from conducting a meaningful review. *See Price*, 2023 WL 8037853, at *4.

## C.    The ALJ's Error Was Not Harmful.

"'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)). The Court may not vacate the judgment unless Plaintiff

shows the ALJ's error caused her prejudice. *See Alexander v. Astrue*, 412 F. App'x 719, 722 (5th Cir. 2011); *Audler*, 501 F.3d at 448. An "ALJ's failure to sufficiently articulate the persuasiveness of a medical opinion is prejudicial only when he 'would have adopted' the opinion had he given it 'further explanation.'" *See Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023).

Here, Plaintiff does not address harm, ECF No. 13 at 12–13, so she has failed to carry her burden. To the contrary, the Court finds that the ALJ's failure to discuss the persuasiveness of the medical opinion did not cause Plaintiff harm because the ALJ's RFC determination is even more restrictive than the consultant's opinion.

| State Agency Consultant's Opinion (R. 105–06): | ALJ's RFC Determination (R. 21–22): |
|---|---|
| "occasionally lift and/or carry up to 20 pounds and frequently 10 pounds; stand and/or walk for a total of about 6 hours in an 8 hour workday; sit for a total of about 6 hours in an 8 hour workday"[10] | "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations" |
| "never climb ladders, ropes, or scaffolds" | "never climb ladders, ropes, or scaffolds" |

---

[10] Finding that Plaintiff had the RFC to lift and/or carry 20 pounds occasionally and 10 pounds frequently (push and/or pull is unlimited except for lift/carry restrictions), walk and/or stand 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday meets the Social Security Administration's definition of light work. *See Limbaugh v. Kijakazi*, No. 3:22-CV-02126-B-BH, 2023 WL 5021806, at *n.11 (N.D. Tex. July 18, 2023), *report and recommendation adopted*, No. 3:22-CV-02126-B-BH, 2023 WL 5025002 (N.D. Tex. Aug. 7, 2023) (citing 20 C.F.R. § 404.1567(b); *see also Leyva v. Saul*, No. SA-18-CA-464-HJB, 2019 WL 13081558, at *4 (W.D. Tex. July 19, 2019) ("the Agency definition of light work, [] states, in relevant part, that light work requires 'a good deal of walking or standing' and 'being on one's feet up to two-thirds of a workday,' meaning that the full range of light work 'requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday' and involves some pushing or pulling of arm or leg controls.") (citing 20 C.F.R. § 404.1567(b); SSR 83–10)).

| | |
|---|---|
| "occasionally climb ramps or stairs" | "occasionally climb ramps or stairs" |
| "frequently stoop, kneel, crouch, and crawl" | "occasionally balance, stoop, bend, kneel, crawl, and crouch" |
| None assessed | "occasionally twist at the neck |
| None assessed | "occasionally reach overhead with the bilateral upper extremities" |
| None assessed | "occasional exposure to hazards, dangerous machinery or equipment, unprotected heights, or operate a motor vehicle." |

As seen above, had the ALJ completely adopted the medical opinion, as required to prove harm, the ALJ's RFC assessment would have been less—not more—restrictive. As in *Miller*, the ALJ's error was that he did not provide sufficient explanation of his consideration. But he did not find the limiting restrictions persuasive in light of the testimony and gave *additional* restrictions. This shows that the ALJ considered the medical opinion. *See Erlandsen*, 2024 WL 898915, at *6. Accordingly, Plaintiff has failed to demonstrate the ALJ's error was harmful. *See Alexander*, 412 F. App'x at 722; *Audler*, 501 F.3d at 448.

## VI.    CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 12, is **DENIED**. Commissioner's motion for summary judgment, ECF No. 14, is **GRANTED**. The ALJ's decision denying benefits is **AFFIRMED**.

Signed at Houston, Texas, on July 4, 2024.

_Dena Palermo_

**Dena Hanovice Palermo**
**United States Magistrate Judge**